Bryce K. Kunimoto, Esq.
Nevada Bar No. 7781
Robert J. Cassity, Esq.
Nevada Bar No. 9779
Ryan A. Semerad, Esq.
Nevada Bar No. 14615
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134
Phone: (702) 222-2603
Fax: (702) 669-4650
bkunimoto@hollandhart.com
bcassity@hollandhart.com
rasemerad@hollandhart.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN SCIARA,<br><br>         Plaintiff,<br><br>v.<br><br>STEPHEN CAMPBELL,<br><br>         Defendant. | CASE NO.:  2:18-cv-01700-RFB-CWH<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

The undersigned parties, by and through their counsel of record, hereby stipulate and agree that the handling of confidential material in these proceedings shall be governed by the provisions set forth below:

1. **Applicability of this Protective Order:**  This Protective Order does not and will not govern pretrial disclosures of exhibits and witnesses under FRCP 26(a)(3), the pretrial order, and trial in this action, but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure or other legal process by or from, or produced on behalf of, a party in connection with this action (this information hereinafter referred to as  "Discovery Material").  As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties in this action that give testimony or produce documents or other information as well as to non-

parties who have expressly agreed in writing to be bound by the terms of this Order; "Receiving Party" shall refer to the parties in this action that receive such information; "Designating Party" shall refer to the party that affirmatively seeks to designate Discovery Material as Confidential Information; and "Authorized Recipient" shall refer to any person or entity authorized by Sections 10 and 11 of this Protective Order to obtain access to Confidential Information, Highly Confidential Information, or the contents of such Discovery Material.

2.  **Designation of Information**: Any Producing Party may designate Discovery Material that is in its possession, custody, or control to be produced to a Receiving Party as "Confidential" or "Highly Confidential" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential information as defined in Sections 4 and 5 below. Any Receiving Party that receives Discovery Material with no confidentiality designation may propose to the Producing Party that the Discovery Material be designated "Confidential" in accordance with Section 4. If Confidential or Highly Confidential Information is produced via an electronic form on a computer readable medium (*e.g.*, DVD-ROM), other digital storage medium, or via Internet transmission, the Producing Party shall affix in a prominent place on the storage medium or container file on which the information is stored, and on any container(s) for such medium, the legend "Includes CONFIDENTIAL INFORMATION" or "Includes HIGHLY CONFIDENTIAL INFORMATION."

3.  **Exercise of Restraint and Care in Designating Material for Protection:** Each Producing Party that designates, or Designating Party that proposes to designate, information or items for protection under this Protective Order must take care to limit any such designation or proposal to specific material that qualifies under the appropriate standards. Mass, indiscriminate or routinized designations are prohibited. The Producing Party must designate, or the Designating Party must propose, for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

4.  **Confidential Information:**  For purposes of this Protective Order, "Confidential Information" means any information that constitutes, reflects, or discloses non-public, trade secrets, know-how, proprietary data, marketing information, financial information, and/or commercially sensitive business information or data which the party in good faith believes in fact is confidential or the unprotected disclosure of which might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.  Confidential Information shall also include sensitive personal information that is not otherwise publicly available, such as home addresses; Social Security numbers; dates of birth; employment personnel files; medical information; home telephone records/numbers; employee disciplinary records; wage statements or earnings statements; employee benefits data; tax records; and other similar personal financial information.  A party may also designate as "CONFIDENTIAL" compilations of publicly available discovery materials, which would not be known publicly in a compiled form.

5.  **Highly Confidential Information:**  For purposes of this Protective Order, Highly Confidential Information is any Confidential Information as defined in Section 4 above that also includes extremely sensitive, highly confidential, non-public information constituting a trade secret as defined in NRS 600A.030(5) or 18 U.S.C. § 1839(3) and the disclosure of such information would create a substantial risk of competitive or business injury to the Producing Party.  Only a Producing Party may designate Discovery Material as Highly Confidential.

6.  **Belated Designation of Confidential Information or Highly Confidential Information.**  If a Producing Party determines in good faith and in accordance with Section 3 above that any documents, things, or responses previously produced in the course of discovery in this action should be designated as Confidential Information or Highly Confidential Information, but were not so designated at the time of production, it shall advise any party who has received such material of this fact, and all copies of such document, things, or responses, or portions thereof deemed to be confidential shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (whether produced in hard copy or electronic form) at the expense of the Producing Party and treated as such by all recipients.  The Producing Party may inform the

recipients that a document is Confidential or Highly Confidential by providing the Bates number of the document in writing.

   7. **Redaction Allowed:** Any Producing Party may redact from the Discovery Material it produces matter that the Producing Party claims is subject to the attorney-client privilege, the work product doctrine, a legal prohibition against disclosure, or any other privilege from disclosure.  Any Producing Party also may redact information that is both personal and non-responsive, such as a social security number.  A Producing Party may not redact information in an otherwise responsive document solely because the Producing Party believes that the information is non-responsive.  Nor shall a Producing Party withhold non-privileged, responsive information solely on the grounds that such information is contained in a document that includes privileged information.  The Producing Party shall mark each Discovery Material where matter has been redacted with a legend stating "REDACTED," and include an annotation indicating the specific reason for the redaction (*e.g*., "REDACTED—Work Product").  All documents that have been redacted shall be listed in a redaction log produced in conformity with Nevada law and the Federal Rules of Civil Procedure.  Where a document consists of more than one page, the page on which information has been redacted shall so be marked.  The Producing Party shall preserve an unredacted version of each such document.

   8. **Use of Confidential Information or Highly Confidential Information.** Except as provided herein, Confidential Information and Highly Confidential Information shall not be disclosed to anyone other than those persons identified herein in Sections 11 and 12, and shall be handled in such manner until such designation is removed by the designating party or by order of the Court.  Nothing in this Protective Order shall preclude a party or other person from using his, her, or its own Confidential Information or Highly Confidential Information or from giving others his, her, or its Confidential Information or Highly Confidential Information.

  Once the Court enters this Protective Order, a party shall have thirty (30) days to designate as Confidential or Highly Confidential any documents previously produced in this action, which it can do by stamping "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on

the document, or informing the other parties of the Bates-numbers of the documents so designated, in accordance with Section 6.

9. **Use of Confidential Information and Highly Confidential Information in Depositions.** Counsel for any party shall have the right to disclose Confidential or Highly Confidential Information at depositions, provided that such disclosure is consistent with this Protective Order, including Sections 10 and 11. Any counsel of record may request that all persons not entitled under Sections 10 or 11 of this Protective Order to have access to Confidential Information or Highly Confidential Information leave the deposition room during the confidential portion of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question where the answer would disclose Confidential Information or Highly Confidential Information. However, nothing in this Order shall preclude a party or its attorneys from: (1) showing a document designated as Confidential or Highly Confidential to an individual who prepared part or all of the document, who has previously reviewed the document, or who is shown by the document to have received it, or (2) examining during a deposition any person currently employed by a party or retained as an expert by a party concerning any Discovery Materials designated by that party as Confidential or Highly Confidential, which use shall not otherwise affect the status and treatment of such Confidential or Highly Confidential Information. Additionally, at any deposition session, counsel to any party (or non-party subject to this Protective Order) may designate portions of a deposition transcript and/or video of any deposition (or any other testimony) as containing Confidential or Highly Confidential Information in accordance with this Order by a statement on the record during the deposition or by notifying all other parties in writing, within thirty (30) calendar days of receiving the transcript or video that it contains Confidential and/or Highly Confidential Information and designating the specific pages, lines, and/or counter numbers as containing Confidential or Highly Confidential Information. If a designation is made via a statement on the record during a deposition, counsel must follow up in writing within thirty (30) calendar days of receiving the transcript or video, identifying the specific pages, lines, and/or counter numbers

containing the Confidential or Highly Confidential Information.  If no confidentiality designations are made within the thirty calendar (30) day period, the entire transcript shall be considered non-confidential.  During the thirty (30) day period, the entire transcript and video shall be treated as Confidential Information (or Highly Confidential Information).  All originals and copies of deposition transcripts that contain Confidential Information or Highly Confidential Information shall be prominently marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be requested to be filed under seal in accordance with LR IA 10-5.  Counsel must designate portions of a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within thirty calendar (30) days of receiving the transcript.  Any DVD or other digital storage medium containing Confidential or Highly Confidential deposition testimony shall be labeled in accordance with the provisions of Section 6.  The provisions set forth in Section 17 shall govern resolution of disputes over confidentiality designations regarding deposition transcripts.

10. **Persons Authorized to Receive Confidential Information.**  Confidential Information produced pursuant to this Protective Order may be disclosed or made available only to the Court, court personnel, and to the persons below:

(a) A party, or officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) Counsel for a party and its affiliates (including in-house attorneys, outside attorneys, and paralegal, clerical, litigation support staff, and secretarial staff employed by such counsel);

(c) An entity retained by a party to provide litigation support services (photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and its employees;

(d) Outside experts or consultants (together with their support staff) retained by a party to assist in the prosecution, defense, or settlement of this action, provided that such an

6

expert or consultant is not a current employee of a direct competitor of a party named in this action;

   (e) Court reporter(s) or videographers(s) employed in this action;

   (f) A witness at any deposition or other proceeding in this action (1) to whom Confidential or Highly Confidential may be provided as set forth in Section 9; (2) to whom the Producing Party agrees may be shown certain Discovery Materials designated as Confidential and/or Highly Confidential Information; or (3) who executes a copy of Exhibit A;

   (g) Any ESI vendor, translator(s), or interpreter(s) employed in this action;

   (h) Any other person as to whom the parties in writing agree or that the Court in these proceedings designates; and

   (i) Jury consultants or trial consultants retained by or on behalf of a party to assist outside counsel for any party in connection with this litigation, together with technicians, assistants, or mock jurors who (i) are supervised by such consultants; (ii) are not affiliated with any party to this case or their direct competitor; (iii) agree in writing to be bound by confidentiality; and (iv) are not themselves given custody of any Confidential or Highly Confidential Information, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted.

  Any person to whom Confidential Information is disclosed pursuant to subparts (a), (b), (c), (d), (e), (f), (g), (h), or (i) above shall be advised that the Confidential Information is being disclosed pursuant to an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. Any person to whom Confidential Information is disclosed pursuant to subpart (c), (d), (g), (h), or (i) of this Section shall also be required to execute a copy of the form Exhibit A. The persons shall agree in writing to be bound by the terms of this Protective Order by executing a copy of Exhibit A (which shall be maintained by the counsel of record for the party seeking to reveal the Confidential Information) in advance of being shown the Confidential Information. No party (or its counsel) shall discourage any

persons from signing a copy of Exhibit A.  If a person refuses to execute a copy of Exhibit A, the party seeking to reveal the Confidential Information may seek an order from the Court directing that the person be bound by this Protective Order.  In the event of the filing of such a motion, Confidential Information may not be disclosed to such person until the Court resolves the issue.  Proof of each written agreement provided for under this Section shall be maintained by each of the parties while this action is pending and disclosed to the other parties if ordered to do so by the Court.

11.    **Persons Authorized to Receive Highly Confidential Information.**  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents and information may be disclosed only to the Court, court personnel, and the persons listed in sub-sections (b) to (i) of Section 10 above, but shall not be disclosed to a party, or an employee of a party (other than in-house counsel for a party), unless otherwise agreed or ordered.  Any person to whom Highly Confidential Information is disclosed pursuant to sub-sections (c), (d), (g), (h), or (i) of Section 10 above shall also be required to execute a copy of the form Exhibit A, and shall be subject to the requirements in the preceding paragraph.

12.    **Filing of Confidential Information or Highly Confidential Information With Court.**  Any party seeking to file or disclose materials designated as Confidential Information or Highly Confidential Information with the Court in this Action must, concurrently with or prior to any such filing, seek leave to file such Confidential or Highly Confidential Information under seal in accordance with LR IA 10-5.

13.    **Notice to Non-Parties.**  Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) calendar days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.  Any non-party invoking the Protective Order shall comply with, and be subject to, all other applicable sections of the Protective Order.

14.    **Knowledge of Unauthorized Use or Possession.**  If any party learns of any unauthorized possession, knowledge, use or disclosure of any Confidential Information or

8

Highly Confidential Information, the party shall immediately notify in writing the other parties. The party learning of such unauthorized possession, knowledge, use or disclosure shall promptly furnish the other parties with the full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure the parties shall work cooperatively to prevent its recurrence.

15. **Copies, Summaries or Abstracts.**  Any copies, summaries, abstracts or exact duplications of Confidential Information or Highly Confidential Information shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and shall be considered Confidential Information or Highly Confidential Information subject to the terms and conditions of this Protective Order.  This Order shall not bar or otherwise restrict any attorney of record from rendering advice to his or her client with respect to this litigation, and referring to or relying generally upon his or her examination of Discovery Material designated as Confidential or Highly Confidential, provided, however, that in communicating with his or her client, the attorney shall not disclose the content or source of such Discovery Material contrary to the terms of this Order.

16. **Information Not Confidential.**  The restrictions set forth in this Protective Order shall not be construed to apply to any information or materials that:

(a) Were lawfully in the Receiving Party's possession prior to such information being designated as Confidential or Highly Confidential Information in this action, and that the Receiving Party is not otherwise obligated to treat as confidential;

(b) Were obtained without any benefit or use of Confidential or Highly Confidential Information from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

(c) Were independently developed after the time of disclosure by personnel who did not have access to the Producing Party's Confidential or Highly Confidential Information;

(d) Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

9

(e) Under law, have been declared to be in the public domain.

17. **Challenges to Designations.** Any party may object to the designation of Confidential Information or Highly Confidential Information on the ground that such information does not constitute Confidential Information or Highly Confidential Information by serving written notice upon counsel for the Producing Party, specifying the item(s) by Bates number. A Receiving Party may likewise object to the non-designation of Discovery Material on the ground that such Discovery Material constitutes Confidential Information and should be so designated by serving written notice upon counsel for the Producing Party, specifying the item(s) by Bates number. The parties shall attempt to resolve each objection in good faith through a meet and confer (as defined in LR IA 1-3(f)) to be initiated by the objecting party within 14 days of the date of service of the notice. If the parties cannot resolve a challenge without court intervention, the party asserting confidentiality shall file and serve a motion to retain confidentiality (in the case of an objection to Confidential or Highly Confidential designations) or invoke confidentiality (in the case of an objection to non-designation) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the party asserting confidentiality to make such a motion (including the declaration required under LR II 26-7) within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. The burden of persuasion in any such challenge proceeding shall be on the party asserting confidentiality. Unless the party asserting confidentiality has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall to afford the material in question the highest level of protection proposed by any party until the Court rules on the motion.

18. **Use in Court.** If any Confidential Information or Highly Confidential Information is used in any pretrial Court proceeding in this action, it shall not necessarily lose its confidential status through such use, and the party using such information shall take all reasonable steps to maintain its confidentiality during such use.

19. **No Waiver.**  This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony or other evidence at trial.  Additionally, this Protective Order will not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege; work product doctrine or any other privilege or protection provided under the law.  Entry of this Protective Order does not preclude any party from seeking or opposing additional protection for particular information.

20. **Reservation of Rights**.  The Parties each reserve (1) the right to seek or oppose additional or different protection for particular information, documents, materials, items or things; and (2) the right to object to the production, disclosure and/or use of any information, documents, materials, items and/or things that a Party designates or marks as containing Confidential Information on any other ground(s) it may deem appropriate, including, without limitation, on the ground of attorney-client privilege, work product, and/or any other privilege or protection provided under applicable law.  This Stipulation shall neither enlarge nor affect the proper scope of discovery in this Action.  In addition, this Stipulation shall not limit or circumscribe in any manner any rights the Parties (or their respective counsel) may have under common law or pursuant to any state, federal, or foreign statute or regulation, and/or ethical rule.

21. **Inadvertent Failure to Designate.**  The inadvertent failure to designate information produced in discovery as Confidential or Highly Confidential shall not be deemed, by itself, to be a waiver of the right to so designate such discovery materials as Confidential Information or Highly Confidential Information.  Within a reasonable time of learning of any such inadvertent failure, the Producing Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it, in accordance with Section 6.  Disclosure of such discovery materials to any other person prior to later designation of the discovery materials in accordance with this Section and Section 6 shall

not violate the terms of this Protective Order.  However, immediately upon being notified of an inadvertent failure to designate, all parties shall treat such information as though properly designated and take any actions necessary to prevent any unauthorized disclosure subject to the provisions of Section 17.

22.  **No Waiver of Privilege**: Disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in the Litigation.

23.  **Effect of Disclosure of Privileged Information**:  The Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by Producing Party upon request.  If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Producing Party and sequester such information until instructions as to disposition are received.  The failure of any party to provide notice or instructions under this Section shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in this action.

24.  **Inadvertent Production of Non-Discoverable Documents.**  If a Producing Party inadvertently produces a document that contains no discoverable information, the Producing Party may request in writing that the Receiving Party return the document, and the Receiving Party will return the document.  A Producing Party may not request the return of a document pursuant to this Section if the document contains any discoverable information.  If a Producing Party inadvertently fails to redact personal information (for example, a social security number), the Producing Party may provide the Receiving Party a substitute version of the document that redacts the personal information, and the Receiving Party shall destroy or return the original, unredacted document to the Producing Party.

25. **Return of Information.**  Within thirty (30) calendar days after the final disposition of any and all claims involving the undersigned parties, all Confidential Information and/or Highly Confidential Information produced by an opposing party or non-party (including, without limitation, any copies, extracts or summaries thereof) as part of discovery in this action shall be destroyed by the parties to whom the Confidential Information and/or Highly Confidential Information was produced, and each counsel shall, by declaration delivered to all counsel for the Producing Party, affirm that all such Confidential Information and/or Highly Confidential Information (including, without limitation, any copies, extracts or summaries thereof) has been destroyed; provided, however, that each counsel shall be entitled to retain pleadings, motions and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product or consultant or expert work product, even if such material contains or refers to Confidential Information and/or Highly Confidential Information, but only to the extent necessary to preserve a litigation file with respect to this action.  Nothing in this Section requires a party to destroy Confidential Information or Highly Confidential Information produced by that party.

26. **Attorney's Fees.**  Nothing in this Protective Order is intended to either expand or limit a prevailing party's right under the Federal Rules of Civil Procedure or other applicable state or federal law to pursue costs and attorney's fees incurred related to confidentiality designations or the abuse of the process described herein.

27. **Injunctive Relief Available.**  Each party acknowledges that monetary remedies may be inadequate to protect each party in the case of unauthorized disclosure or use of Confidential Information or Highly Confidential Information that the Receiving Party only received through discovery in this action and that injunctive relief may be appropriate to protect each party's rights in the event there is any such unauthorized disclosure or use of Confidential Information or Highly Confidential Information.

28. **Other Actions And Proceedings**.  If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Protective

13

Order, seeking materials which were produced or designated as Confidential of Highly Confidential pursuant to this Protective Order, the Receiving Party shall give prompt actual written notice by email or mail to counsel of record for such Producing Party within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide other parties with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law.  The burden of opposing enforcement of the subpoena shall fall upon the party or non-party who produced or designated the Discovery Material as Confidential or Highly Confidential Information.  Unless the party or non-party who produced or designated the Confidential or Highly Confidential Information obtains an order directing that the subpoena not be complied with and serves such order upon the Receiving Party prior to production pursuant to the subpoena, the Receiving Party shall be permitted to produce documents responsive to the subpoena on the subpoena response date. Compliance by the Receiving Party with any order directing production pursuant to a subpoena of any Confidential or Highly Confidential Information shall not constitute a violation of this Protective Order.  Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

29. **Execution in Counterparts.**  This Protective Order may be signed in counterparts, and a fax or "PDF" signature shall have the same force and effect as an original ink signature.

///
///
///
///
///
///
///
///
///

14

30. **Order Survives Termination.** This Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

| HOLLAND & HART LLP | McDONALD CARANO LLP |
|---|---|
| By: /s/ Bryce K. Kunimoto<br>Bryce K. Kunimoto, Esq.<br>Nevada Bar No. 7781<br>Robert J. Cassity, Esq.<br>Nevada Bar No. 9779<br>Ryan A. Semerad, Esq.<br>Nevada Bar No. 14615<br>9555 Hillwood Drive, 2nd Floor<br>Las Vegas, NV 89134<br><br>*Attorneys for Defendant Stephen Campbell* | By: /s/ Pat Lundvall<br>Pat Lundvall, Esq.<br>Nevada Bar No. 3761<br>Rory T. Kay, Esq.<br>Nevada Bar No. 12416<br>2300 West Sahara Avenue, Suite 1200<br>Las Vegas, NV 89102<br><br>*Attorneys for Plaintiff Brian Sciara* |

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT COURT JUDGE/
UNITED STATES MAGISTRATE JUDGE

DATED: _____

CASE NO.: 2:18-cv-01700-RFB-CWH

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____ do hereby acknowledge and agree, under penalty of perjury, as follows:

1. I have read the Stipulated Confidentiality Agreement and Protective Order ("the Protective Order") entered in *Brian Sciara v. Stephen Campbell,* Case No. 2:18-cv-01700-RFB-CWH on _____, 20\_\_\_\_\_, and I fully understand its contents.

2. I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the United States District Court for the District of Nevada so that the said court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating the Protective Order, including punishment for contempt of court for a knowing violation of the Protective Order.

3. I understand that by signing this instrument, I will be eligible to receive "Confidential Information" and/or "Highly Confidential Information" under the terms and conditions of the Protective Order. I further understand and agree that I must treat any "Confidential Information" and/or "Highly Confidential Information" in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court order, will be in contempt of court, and will be subject to punishment by the court for such conduct.

DATED: _____, \_\_\_\_\_.

_____
(Signature)

_____
(Printed Name)

_____
_____
(Address)