# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

BRIAN SCIARA,

               Plaintiff,

    v.

STEPHEN CAMPBELL,

              Defendant.

Case No. 2:18-cv-01700-DJA

**ORDER**

Presently before the Court is Defendant Plaintiff Brian Sciara's Motion for Reconsideration (ECF No. 48) and Motion to Seal (ECF No. 49) along with the Sealed Motion for Reconsideration (ECF No. 50), filed on October 3, 2019. Defendant Brian Sciara filed a Response (ECF No. 52) on October 17, 2019. Plaintiff filed a Reply (ECF No. 53) on October 24, 2019. The Court finds this matter properly resolved without a hearing. *See* Local Rule 78-1.

**I.   BACKGROUND**

The parties are familiar with the facts of this case and the Court will repeat them here only as necessary. This lawsuit arises out of a business dispute between Plaintiff and Defendant regarding an alleged joint venture called Sprout Financial. Defendant moved to dismiss arguing that the Court lacks personal jurisdiction over him and that the Complaint fails to state a claim. (ECF No. 5). The Court granted that motion on September 27, 2019 and closed the case. (ECF No. 46). Plaintiff now files for limited reconsideration only of the Court's finding of no specific personal jurisdiction. He claims that new evidence was discovered and the Order was manifestly unjust or clear error was committed. (ECF No. 48). Defendant responds that the alleged newly discovered evidence was known for three to seven months before the Court's hearing prior to its decision on the motion to dismiss and the Court properly analyzed the issues in the Order. (ECF

No. 52). Plaintiff replies that the case law supports his contention that Nevada courts may exercise personal jurisdiction over Campbell and new evidence supports finding that Defendant made misrepresentations to the Court. (ECF No. 53).

## II. DISCUSSION

### a. Legal Standard

Federal Rule of Civil Procedure 59(e) allows a district court to reconsider its decision if a motion is filed within 28 days from the entry of the judgment. A district court has considerable discretion in ruling on a Rule 59(e) motion. *See Allstate Ins. Co. v. Herron*, 634 f.3d 1101, 1111 2 (9th Cir. 2011). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

A motion for reconsideration must set forth some valid reason why the court should revisit its prior order and facts or law of a "strongly convincing nature" to support reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Significantly, a motion for reconsideration cannot be used to reargue issues presented in earlier pleadings. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

The Court has reviewed its prior Order and the arguments presented by Plaintiff and Defendants in the filings with respect to the reconsideration request and has not found any reason to overturn this Court's finding that it lacks specific personal jurisdiction over Plaintiff. The Court finds that Plaintiff has not presented newly discovered evidence that was not available to it at the time of the hearing or Order. Furthermore, the Court finds neither clear error nor manifest injustice in the reasoning of its Order.

### b. Newly Discovered Evidence

In order to meet the "newly discovered evidence" requirement within the meaning of Rules 59, Plaintiff must show the evidence: "(1) is truly-newly discovered; (2) could not have

been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1130 n. 45 (E.D.Cal. 2001); *see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987). Failure to file documents in an original motion or opposition does not turn the late-filed documents into newly discovered evidence. *See School Dist. No. 1J*, 5 F.3d at 1263. Under Rule 59, if the evidence was in the possession of the party before the judgment was rendered it is not newly discovered. *See Coastal Transfer*, 833 F.2d at 212.

During the September 5, 2019 hearing on Defendant's motion to dismiss, Plaintiff noted that Defendant never requested an evidentiary hearing on the issue of personal jurisdiction. (Tr., ECF No. 51, 17:19-23). Further, Plaintiff never requested any additional jurisdictional discovery as he argued that the Court could resolve the issue based on "the verified allegations in the complaint, [and] the declaration that was offered by Mr. Sciara" along with reasonable inferences that derive from them. (*Id.* at 18: 14-16). Similarly, Defendant never requested any jurisdictional discovery as he argued that "the record is pretty clear" based on the "allegations contained in the verified complaint, [and] Mr. Campbell provided a very detailed declaration which identified his contacts, or lack thereof." (*Id.* at 50:23-51:2). Additionally, neither party requested any supplemental briefing before, during, or after the hearing. Accordingly, the Court's Order clearly found that it would decline to exercise its discretion to permit discovery on jurisdictional facts. It stated, "Plaintiff did not request jurisdictional discovery and the Court finds that facts included in the Complaint and two Declarations to be sufficient to decide the jurisdictional challenge at this time." (ECF No. 46, 13:19-21).

For the first time, Plaintiff now claims that there is newly discovered evidence that warrants reconsideration of the Court's Order. The Court denies Plaintiff's motion for reconsideration on this basis because the evidence was available to Plaintiff and he failed to show good cause for his failure to file it with his motion or reply to the motion to dismiss. Indeed, Plaintiff's assertions are based almost entirely on his own personal knowledge or knowledge gained during discovery that could have been raised in the reply to the motion to dismiss, at the

hearing, or in a request for supplemental briefing. As such, the evidence raised by Plaintiff is not truly newly discovered evidence. Had Plaintiff exercised diligence at the time of the hearing, the evidence could have been presented to the Court prior to the issuance of the order granting Defendant's motion to dismiss. Plaintiff cannot bear his burden of showing he has newly discovered evidence and therefore, the Court cannot alter or amend judgment on this ground.

### c. Clear Error or Manifestly Unjust

Alternatively, Plaintiff argues that the Court's finding of no specific personal jurisdiction is contrary to the case law. A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See, e.g., Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995); *Khan v. Fasano*, 194 F.Supp.2d 1134, 1136 (S.D.Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier. *See Glavor v. Shearson Lehman Hutton, Inc.*, 879 F.Supp. 1028, 1033 (N.D.Cal.1994). If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived. *See id*. It is not an abuse of discretion for a district court to decline to address an issue raised for the first time in a motion for reconsideration. *See 389 Orange Street Partners v. Arnold*, 178 F.3d 656, 665 (9th Cir. 1999).

This is the classic case of an unhappy litigant rehashing the same arguments already decided by the Court. The Court properly considered all of the arguments stated by the parties in the briefing and at the hearing, interpreted the controlling and persuasive case law, and entered judgment dismissing this action in the Order filed on September 27, 2019. (ECF No. 46). Plaintiff has not satisfied the stringent standard for reconsideration under Rule 59(e) on the grounds that manifest injustice will result from dismissal of this action or there was a clear error committed.

### d. Plaintiff's Request for Expedited Treatment

Plaintiff requests expedited treatment due to the fact that a responsive pleading is due in a related action pending before the District of Arizona: *Sprout Financial, LLC v. Brian Sciara, et*

*al*, Case No. 2:19-cv-05226-SPL (D. Ariz). He argues that he will be refiling his claims in the Arizona action since they are compulsory counterclaims if the Court denies the instant motion. (ECF No. 48, 20-21). The Court finds that expedited consideration is unnecessary under LR IA 6-1(d). It appears as though Plaintiff filed a motion to stay the Arizona case and has not yet filed a responsive pleading. Therefore, the Court will deny the request for expedited treatment.

    **e. Plaintiff's Request to Seal**

Plaintiff requests leave to file Exhibit 3 to his motion under seal as it contains information designated as confidential under the parties' protective order. Defendant did not file any response. Consequently, Defendant's failure to file points and authorities in response to the motion "constitutes a consent to the granting of the motion." LR 7-2(d). Moreover, the Court finds that Plaintiff has met the standard to seal. Although the fact that the information was disclosed as confidential under the Protective Order is not alone sufficient, it is the type of confidential financial information that may be protected by the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). The Court finds that protecting confidential financial information is a compelling reason to seal Exhibit 3. *See, e.g., Youtoo Techs., Inc. v. Twitter, Inc.*, 2017 WL 3396496 at *2 (D. Nev. Aug. 7, 2017). Therefore, the Court will grant Plaintiff's Motion to Seal (ECF No. 49).

**III. CONCLUSION**

    IT IS ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 48) is **denied**.

    IT IS FURTHER ORDERED that Plaintiff's Motion to Seal (ECF No. 49) is **granted**.

    IT IS FURTHER ORDERED that Plaintiff's Sealed Motion for Reconsideration (ECF No. 50) is **denied**.

    DATED: January 15, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE