Bryce K. Kunimoto, Esq.
Nevada Bar No. 7781
Robert J. Cassity, Esq.
Nevada Bar No. 9779
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 222-2603
Fax: (702) 669-4650
bkunimoto@hollandhart.com
bcassity@hollandhart.com

Melissa Y. Lou, Esq. (*pro hac vice*)
Colorado Bar No. 53145
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
Phone: (303) 295-8000
Fax: (720) 763-9640
mylou@hollandhart.com

*Attorneys for Defendant*

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

BRIAN SCIARA,

Plaintiff,

v.

STEPHEN CAMPBELL,

Defendant.

CASE NO.: 2:18-cv-01700-RFB-CWH

**DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR VIOLATING THE PROTECTIVE ORDER**

Defendant Stephen Campbell, by and through his attorneys of record, Holland & Hart LLP, hereby moves this Court for an order to show cause why Plaintiff Brian Sciara should not be held in contempt of Court for violating the protective order [ECF No. 22]. This motion is based upon the

///

///

pleadings and papers on file herein, the attached Memorandum of Points and Authorities, and any oral argument this Court may allow.

DATED this 23rd day of December 2020.

**HOLLAND & HART LLP**

*/s/ Bryce Kunimoto*
Bryce K. Kunimoto, Esq.
Robert J. Cassity, Esq.
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

Melissa Y. Lou, Esq.
555 17th Street, Suite 3200
Denver, CO 80202

*Attorneys for Defendant*

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court's Stipulated Confidentiality Agreement and Protective Order [ECF No. 22] is vital to protecting each party's non-public, confidential information that was disclosed during discovery. The Protective Order was intended to provide security to disclosing parties that their sensitive business and financial information would not be misused or disseminated contrary to the provisions of the Protective Order. Indeed, courts have recognized that "the very integrity of the civil litigation process is grounded in people's ability to believe that protective orders will be obeyed." *Baker v. Transunion L.L.C.*, No. CV-06-2927-PCTNVW, 2008 WL 544826, at *2 (D. Ariz. 2008). Plaintiff Brian Sciara ("Plaintiff" or "Sciara") willfully violated the Protective Order by disclosing Defendant Stephen Campbell's ("Defendant" or "Campbell") confidential financial records for his company, MiCamp, to an unrelated third party doing business with MiCamp. Sciara disseminated Campbell's confidential financial records in blatant violation of the Protective Order to further his own interests in threatening litigation against MiCamp, among others, and to interfere with MiCamp's business relationship with the third party. In fact, Sciara's lawyer informed this third party that the documents specifically stamped as "CONFIDENTIAL" had been produced during discovery in this matter. The Court should issue an order to show cause why Sciara should not be held in contempt for violating the Court's Protective Order, should allow limited discovery as necessary to determine the full extent of Sciara's violations of the Protective Order, and should enter appropriate sanctions necessary against Sciara for flagrantly disregarding his obligations under the Protective Order and to deter him, and others—including his lawyers in the Clark County action[1]—from further violations of the Protective Order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Protective Order.

On February 7, 2019, the Court entered a Protective Order [ECF No. 22] governing the disclosure and use of certain information "in connection with this action" designated by the parties

[1] Sciara engaged different counsel to represent him in the Clark County action than the lawyers representing him in the present action and appeal.

as "Confidential" or "Highly Confidential." [ECF No. 22, ¶ 1]. The Protective Order was entered "for the purpose of facilitating the exchange of documents and information among the parties to this action." [*Id.* at ¶ 19.]

"Confidential Information" is defined as "any information that constitutes, reflects, or discloses non-public . . . financial information, and/or commercially sensitive business information or data which the party in good faith believes in fact is confidential or the unprotected disclosure of which might result in economic or competitive injury . . . ." [ECF No. 22, ¶ 4.] The protective order restricts the disclosure of information designated as Confidential to the Court, court personnel, and certain persons authorized in Paragraph 10 of the order. Authorized persons include "[c]ounsel for a party." [*Id.* at ¶ 10(b).] Unless expressly named, disclosure is permissible to third parties only if "the parties in writing agree or . . . the Court in these proceedings designates." [*Id.* at ¶ 10(h).]

The Protective Order further requires the following:

> Any person to whom Confidential Information is disclosed pursuant to subparts . . . (b) [and] (h) . . . ***shall be advised that the Confidential Information is being disclosed pursuant to an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order***, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. Any person to whom Confidential Information is disclosed pursuant to subpart . . . (h) . . . of this Section shall also be required to execute a copy of the form Exhibit A. The persons shall agree in writing to be bound by the terms of this Protective Order by executing a copy of Exhibit A (which shall be maintained by the counsel of record for the party seeking to reveal the Confidential Information) in advance of being shown the Confidential Information.

[*Id.* at ¶ 10.]

Consistent with the Protective Order's purpose of facilitating the exchange of sensitive, confidential business and financial information between the parties, "[e]ach party acknowledge[d] that ***monetary remedies may be inadequate*** to protect each party in the case of unauthorized disclosure or use" of confidential information, "and that ***injunctive relief may be appropriate*** to protect each party's rights in the event there is any such unauthorized disclosure or use" of protected information. [ECF No. 22, ¶ 27.]

Under the Protective Order, a party may object to a producing party's confidential designations "by serving written notice upon counsel for the Producing Party, specifying the item(s)



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

by Bates number." [*Id.* at ¶ 17.] If the parties are unable to reach agreement upon a party's objection following a meet-and-confer, the designating party may file a motion to retain the confidentiality designation. [*Id.*] But in this case, ***Sciara never asserted any objection*** to any of Campbell's confidentiality designations.

The Protective Order also expressly survives the termination of the action, and the Court retains jurisdiction to resolve any dispute concerning the use of information disclosed pursuant to the protective order. [ECF No. 22, ¶ 30.]

### B. Sciara's Unauthorized Disclosure of Campbell's Confidential Financial Information.

As part of the discovery in this action, Campbell produced bank records for his company, MiCamp Solutions, LLC ("MiCamp"). Specifically, at issue in this motion, Campbell produced MiCamp's Bank of America bank statements. (*See, e.g.*, **Exhibit 1** (MiCamp's May 2014 Confidential Bank Statement).) Campbell properly marked MiCamp's bank statements "Confidential" in accordance with the protective order—the bank statements constituted both non-public financial information and commercially-sensitive business information. (*Id.*; *see* ECF No. 22, ¶ 4.) Sciara did not object to the "Confidential" designation of MiCamp's bank statements. (*See* ECF No. 22, ¶ 17 (providing a process for challenges to confidentiality designations).)

Sciara violated the protective order by disseminating Campbell's confidential financial information without authorization. Unbeknownst to Campbell, Sciara took a photograph of MiCamp's confidential May 2014 bank statement. (*See* **Exhibit 2** (Photograph of MiCamp's Confidential May 2014 Bank Statement).) Sciara provided the photograph of MiCamp's confidential bank statement to Ms. Arledge and Ms. Bondy, his attorneys in a separate action that he filed on November 2, 2020 in Clark County District Court against MiCamp. (*See* **Exhibit 3** (Clark County Complaint).) On Sciara's behalf, Ms. Bondy emailed the photograph of MiCamp's May 2014 confidential bank statement to First Data Corporation ("First Data"), one of MiCamp's business partners, on September 10, 2020, resulting in significant harm to Campbell's and MiCamp's business relationship with First Data. (*See* **Exhibit 2** (9/10/2020 Email from Bondy to First Data) ("I am attaching a couple items to this email ***that my client received as part of discovery in his other***



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

***lawsuit against Stephen Campbell***. . . . The second [item attached to the email] is a screenshot of a payment described as 'payroll' . . . ***there are other examples of these payroll payments that I can send you as well.***" (emphases added).)

On behalf of Sciara, Ms. Bondy sent another email to First Data on September 14, 2020, this time attaching a "scan" of MiCamp's confidential May 2014 bank statement. (*See* **Exhibit 4** (9/14/2020 Email from Bondy to First Data attaching MiCamp's Confidential May 2014 Bank Statement).) This scan of MiCamp's confidential May 2014 bank statement bore the Bates numbers that Campbell used in discovery in this matter (at the bottom right corner of the page) and was clearly marked "Confidential" pursuant to the Protective Order in this matter (at the bottom middle of the page). (*See* **Exhibit 4**.)

Sciara persisted in repeatedly and intentionally violating the protective order. On September 21, 2020, on Sciara's behalf, Ms. Bondy emailed ***another*** set of MiCamp's confidential bank statements from February 2019 to First Data. (*See* **Exhibit 5** (9/21/2020 Email from Bondy to First Data attaching MiCamp Confidential February 2019 Bank Statement).) Like the May 2014 bank statement, Campbell had produced this bank statement as part of discovery in this case pursuant to the protective order. And, like the May 2014 bank statement, this scan of MiCamp's confidential February 2019 bank statement bore the bates numbers that Campbell used in discovery in this matter (at the bottom right corner of the page) and was clearly marked "Confidential" pursuant to the protective order in this matter (at the bottom middle of the page). (*See* **Exhibit 5**.)

Campbell never agreed that Sciara could disclose MiCamp's confidential financial information to First Data. [*See* ECF No. 22, ¶ 10(h) (providing that confidential information may be disclosed to "[a]ny other person as to whom the parties *in writing agree*" (emphasis added)).]

## III. ARGUMENT

### A. Legal Standard.

Federal Rule of Civil Procedure 37 empowers the Court to "issue further just orders," including holding a party in contempt, when a party or a party's officer, director, or managing agent fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2). The Court has broad discretion regarding the type and degree of discovery sanctions it may impose. *Von Brimer v. Whirlpool Corp.*, 536 F.2d



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

838, 844 (9th Cir. 1976). "Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for the non-compliance." *G.K. Properties v. Redevelopment Agency of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978). Further, it is well established that the Court may assert ancillary jurisdiction "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380 (1994). Notwithstanding the pending appeal before the Ninth Circuit, this Court may exercise jurisdiction over collateral disputes regarding compliance with protective orders. *See, e.g.*, *Colaprico v. Sun Microsys., Inc.*, No. 90-20610 SW, 1994 WL 514029, at *2 (N.D. Cal. Aug. 22, 2014) (holding a party in civil contempt of a protective order after final judgment was entered).

**B. Sciara Willfully Violated the Protective Order.**

Sciara willfully violated the Protective Order by disclosing material designated by Campbell as Confidential Information (namely, MiCamp's bank statements) to his lawyers in the Clark County action, Ms. Arledge and Ms. Bondy, who in turn disclosed it on his behalf to First Data—an unauthorized recipient—in contravention of the Protective Order. That Sciara committed this Protective Order violation by instructing his agents, Ms. Arledge and Ms. Bondy, to provide the Confidential Information to First Data does not absolve Sciara of liability.[2] *See Couturier v. Am. Invsco Corp.*, 10 F. Supp. 3d 1143, 1149 (D. Nev. 2014) ("The general rule is that a principal is vicariously liable for the authorized actions of her agent but not vice-versa.").

Sciara purposely used his access to Campbell's Confidential Information—access he gained only by stipulating to the Protective Order—to harm Campbell's business, MiCamp, in the Clark County action. *Cf. Carter v. Otis Elevator Co.*, No. 3:11-CV-0662-VPC, 2014 WL 1309192, at *5 (D. Nev. Mar. 28, 2014) (ordering sanctions for violating a protective order even though the violation

[2] Sciara clearly disclosed Campbell's Confidential Information to Ms. Arledge and Ms. Bondy. It is unclear whether he informed Ms. Arledge and Ms. Bondy that the Confidential Information was being disclosed pursuant to the Court's Protective Order and may not be further disclosed to any person not permitted to have access under the Protective Order, although he was expressly required to do. [*See* ECF No. 22, ¶ 10.]



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

was not willful). Given Sciara's gamesmanship and flagrant disregard of the Court's Protective Order, Campbell submits that contempt and monetary sanctions against Sciara are appropriate pursuant to Federal Rule of Civil Procedure 37.

**C. <u>Campbell Suffered Harm as a Result of Sciara's Willful Disclosure of Campbell's Confidential Information</u>.**

MiCamp's bank statements are precisely the type of financial and/or commercially-sensitive business information intended to be protected by the protective order. *See McConnell v. Charleston Residential Hotel*, No. 2:07-cv-01075-RLH-LRL, 2008 WL 11451142, at *2 (D. Nev. June 20, 2008). The unauthorized dissemination of this Confidential Information by Sciara poses a grave risk to Campbell and his MiCamp business. The bank statements contain line item transactions made by MiCamp, including dollar amounts and other parties to the transactions, which may reveal the identities of business partners, vendors, and other commercially sensitive information. *See* Ex. 1, 2, 4, 5. The bank statements also reveal MiCamp's financial position at specific points in time, potentially undermining MiCamp's business dealings. *Id.*

Sanctions are warranted against Sciara even in the absence of a showing of specific harm. "Parties engaged in litigation must necessarily exchange confidential documents, but must rely on the parties' . . . good faith, professionalism, and adherence to confidentiality orders." *Carter*, 2014 WL 1309192 (ordering sanctions without assessing whether specific harm occurred from the violation of protective order). "A party who consciously violates a court order does so at her own peril." *Baker v. Transunion L.L.C.*, No. CV-06-2927-PCT-NVW, 2008 WL 544826, at *4 (D. Ariz. Feb. 26, 2008). The intangible nature of the resulting injuries is precisely what justifies a "substantial sanction." *Id.* Here, Sciara repeatedly violated the Court's Protective Order, as detailed above.

**D. <u>The Court Should Order Limited Discovery Regarding the Full Extent of Sciara's Protective Order Violations</u>.**

The Court should order limited written and oral discovery regarding the extent of Sciara's violations of the Protective Order. Campbell has serious concerns that Sciara's violations of the Protective Order may not be limited to the instances detailed above and the full extent of Sciara's violations is presently unknown. For this reason, the Court should grant limited discovery in order



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

for Campbell to ascertain the full extent of Sciara's violations, including a forensic inspection of Sciara's devices and email accounts to determine whether Sciara took photographs of additional confidential documents from Campbell and whether he (or his attorneys) have transmitted any such confidential materials either via email or by text message to any other unauthorized recipients, as well as the depositions of Sciara and his lawyer in the Clark County action to determine whether any additional violations have occurred.[3] As discussed below, Sciara should bear the fees and costs associated with this discovery and the forensic imaging of his devices.

### E. <u>Sciara's Purposeful Violation of the Protective Order Warrants Monetary Sanctions and an Award of Attorneys' Fees</u>.

The Court may fashion any form of sanction that meets the purpose of sanctions, which is "to ensure that a party does not benefit from its failure to comply, and to deter those who might be tempted to [engage in] such conduct in the absence of such a deterrent." *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 647 (D. Kan. 1999). In addition to holding Sciara in contempt for his purposeful disregard of the Protective Order, Sciara should be deprived of the benefits of his misconduct. *See Burnet v. Spokane Ambulance*, 933 P.2d 1036, 1041 (Wash. 1997) (en banc) ("The purpose of sanctions generally are to deter, punish, to compensate, to educate, and to ensure that the wrongdoer does not profit from the wrongdoing."). While the precise amount of monetary damages that Sciara's violations have inflicted on Campbell and his companies cannot be measured with certainty, the absence of any monetary sanctions in this case would effectively allow Sciara to benefit from his violation of the Court's Protective Order and may even encourage future violations. Minor sanctions for contempt will likely be viewed by Sciara as a small price to pay for interfering with Campbell's and MiCamp's business relationships and causing reputational and financial damage to them.

Finally, the Court should award attorneys' fees and costs that Campbell incurs in connection with Sciara's violation of the Protective Order. This request includes the attorneys' fees in connection with this Motion, as well as all attorneys' fees and costs that are incurred by Campbell

---

[3] Should factual issues remain following such limited discovery, an evidentiary hearing may be warranted for the Court to resolve such issues.

to obtain limited discovery (discovery requests, depositions, and potential forensic inspections of Sciara's devices and email accounts) regarding the extent of Sciara's violations of the Protective Order and any hearings related thereto. These attorneys' fees and costs have been (and will be) necessitated by Sciara's intentional, unauthorized dissemination of protected information in violation of the Protective Order. *See, e.g.*, *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983) (awarding attorney's fees and costs pursuant to Rule 37(b)(2) for a violation of a protective order); *see also Harmston v. City & County of San Francisco*, 2007 WL 3306526 (N.D. Cal. Nov. 6, 2007) (ordering plaintiffs and counsel to pay defendants' reasonable expenses, including attorney's fees, for disseminated materials designated confidential under the protective order).

### F. <u>The Court Should Enjoin Any Further Violations of the Protective Order</u>.

The Court should enjoin Sciara and his lawyers in the Clark County action (who apparently did not sign Exhibit A to the Protective Order) from committing any further violations of the Protective Order. As Sciara expressly agreed when entering into the Protective Order, "***monetary remedies may be inadequate*** to protect each party in the case of unauthorized disclosure or use" of confidential information, "and that ***injunctive relief may be appropriate*** to protect each party's rights in the event there is any such unauthorized disclosure or use" of protected information. Here, the Court should issue an injunction to prohibit Sciara and his counsel in the Clark County action from further violations of the Protective Order, including ordering them to seek the return of Campbell's confidential documents from any and all unauthorized recipients of such confidential materials.

### G. <u>Evidentiary Sanctions and Dismissal Are Appropriate Given Sciara's Repeated, Purposeful Violations</u>.

Sciara has not only repeatedly and purposefully violated the Court's protective order, but he has also indicated, through his attorneys in the Clark County action, every intent to ***continue*** doing so. (*See* **Exhibit 2** (9/10/2020 Email from Bondy to First Data) ("I am attaching a couple items to this email ***that my client received as part of discovery in his other lawsuit against Stephen Campbell***. . . . The second [item attached to the email] is a screenshot of a payment described as 'payroll' . . . ***there are other examples of these payroll payments that I can send you as well***."



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

(emphases added).) Sciara's brazen disregard for the Court is more than sufficiently egregious to warrant dismissal of his complaint, or alternatively, evidentiary sanctions.[4] *See Falstaff Brewing Corp.*, 702 F.2d at 783 n.10 ("[D]iscovery sanctions may be imposed to compel compliance with an order or to compensate the opposite party.").

The Court has inherent powers to dismiss an action, and here, the relevant factors weigh strongly in favor of dismissal. *See Halaco Eng'r Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) (setting forth factors for consideration in dismissing a case as part of sanctions for discovery abuses: "(1) the existence of certain extraordinary circumstances, (2) the presence of willfulness, bad faith, or fault by the offending party, (3) the efficacy of lesser sanctions, (4) the relationship or nexus between the misconduct drawing the dismissal sanction and the matters in controversy in the case, and finally, as optional considerations where appropriate, (5) the prejudice to the party victim of the misconduct, and (6) the government interests at stake"). As amply demonstrated, *supra* Section II, Sciara's violations of the Court's Protective Order were not the product of mistake or inability to comply. Rather, the exhibits attached to this motion lay bare Sciara's bold-faced willfulness and bad faith in using the discovery he obtained from Campbell in this matter—discovery Sciara was only able to obtain because of the protections afforded by the Protective Order—to harm Campbell's business relationships in the Clark County action. *Cf. Falstaff Brewing Corp.*, 702 F.2d at 783 ("Recognizing that dismissal is an extreme penalty . . . dismissal for noncompliance [is prohibited] when it is established that failure to comply was due to inability rather than willfulness, bad faith, or any fault of the party."). Similarly, Sciara's demonstrated willingness to continue violating the Court's Protective Order indicate that lesser sanctions would be ineffective. Sciara's misconduct—unauthorized disclosure of the confidential financial information of Campbell's company, MiCamp—is directly tied to the matters in controversy in this case, namely, Sciara's bid for a financial stake in another of Campbell's related companies, Sprout Financial. Sciara's violations have caused grave prejudice to Campbell in the form of potentially irreparable damage to his

---

[4] Sciara's appeal of this Court's dismissal of his complaint for lack of personal jurisdiction is currently pending before the Ninth Circuit. Campbell requests these sanctions in the event that this matter comes back before the Court.



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

business relationships. The public interest also weighs heavily in favor of dismissal, as fair litigation depends on the public's faith in the sanctity of judicial orders and efficient discovery depends on the parties' ability to exchange sensitive information with confidence in the protection afforded by protective orders. *See Halaco Eng'r Co.*, 843 F.2d at 380. Given the foregoing, the Court should dismiss Sciara's complaint or alternatively impose evidentiary sanctions.

## IV. CONCLUSION

For the foregoing reasons, Campbell respectfully requests that the Court require Plaintiff to show cause as to why the Court should not hold him in contempt. The Court should allow limited discovery to ascertain the full extent of Sciara's violations and should impose sanctions necessary to punish Sciara and deter him—and his counsel in the Clark County action—from further violations of the Court's order, including an award of reasonable attorney's fees and costs incurred by Campbell in connection with seeking relief for Sciara's violations of the Protective Order.

DATED this 23rd day of December 2020.

**HOLLAND & HART LLP**

*/s/ Bryce Kunimoto*
Bryce K. Kunimoto, Esq.
Robert J. Cassity, Esq.
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

Melissa Y. Lou, Esq.
555 17th Street, Suite 3200
Denver, CO 80202

*Attorneys for Defendant*

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 23rd day of December 2020, I served a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR VIOLATING THE PROTECTIVE ORDER** by electronic transmission to the parties on electronic file and/or depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below :

MCDONALD CARANO
Pat Lundvall, Esq.
Rory T. Kay, Esq.
2300 W. Sahara Ave. Ste 1200
Las Vegas, NV 89102
plundvall@mcdonaldcarano.com
rkay@mcdonaldcarano.com

*Attorneys for Plaintiff*

*<u>/s/ Valerie Larsen</u>*
An Employee of Holland & Hart LLP

15932033_v1

**INDEX OF EXHIBITS**

| Exhibit | Description | Page No. |
|---|---|---|
| **1** | MiCamp's May 2014 Confidential Bank Statement | 1 – 3 |
| **2** | Photograph of MiCamp's Confidential May 2014 Bank Statement | 4 - 11 |
| **3** | Clark County Complaint | 12 – 28 |
| **4** | 9/14/2020 Email from Bondy to First Data attaching MiCamp's Confidential May 2014 Bank Statement | 29 – 40 |
| **5** | 9/21/2020 Email from Bondy to First Data attaching MiCamp Confidential February 2019 Bank Statement | 41 – 46 |

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134