# EXHIBIT 3

Clark County Complaint

EXHIBIT 3

Electronically Filed
11/2/2020 6:30 PM
Steven D. Grierson
CLERK OF THE COURT

# DISTRICT COURT CIVIL COVER SHEET

______________________ County, Nevada

Case No. ______________________
*(Assigned by Clerk's Office)*

CASE NO: A-20-824100-C
Department 13

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| BRIAN SCIARA | MICAMP SOLUTIONS, et al. |
| C/O 720 South 7th Street, 3rd Floor | 4021 N. 75th Street, Suite 101 |
| Las Vegas, NV 89101 | Scottsdale, AZ 85251 |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| JENNIFER WILLIS ARLEDGE, ESQ., Nevada Bar No.: 8729 | |
| 720 South 7th Street, 3rd Floor | |
| Las Vegas, NV 89101 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

**Real Property**

**Landlord/Tenant**
- ☐ Unlawful Detainer
- ☐ Other Landlord/Tenant

**Title to Property**
- ☐ Judicial Foreclosure
- ☐ Other Title to Property

**Other Real Property**
- ☐ Condemnation/Eminent Domain
- ☐ Other Real Property

**Torts**

**Negligence**
- ☐ Auto
- ☐ Premises Liability
- ☐ Other Negligence

**Malpractice**
- ☐ Medical/Dental
- ☐ Legal
- ☐ Accounting
- ☐ Other Malpractice

**Other Torts**
- ☐ Product Liability
- ☐ Intentional Misconduct
- ☐ Employment Tort
- ☐ Insurance Tort
- ☒ Other Tort

**Probate**

**Probate** *(select case type and estate value)*
- ☐ Summary Administration
- ☐ General Administration
- ☐ Special Administration
- ☐ Set Aside
- ☐ Trust/Conservatorship
- ☐ Other Probate

**Estate Value**
- ☐ Over $200,000
- ☐ Between $100,000 and $200,000
- ☐ Under $100,000 or Unknown
- ☐ Under $2,500

**Construction Defect & Contract**

**Construction Defect**
- ☐ Chapter 40
- ☐ Other Construction Defect

**Contract Case**
- ☐ Uniform Commercial Code
- ☐ Building and Construction
- ☐ Insurance Carrier
- ☐ Commercial Instrument
- ☐ Collection of Accounts
- ☐ Employment Contract
- ☐ Other Contract

**Judicial Review/Appeal**

**Judicial Review**
- ☐ Foreclosure Mediation Case
- ☐ Petition to Seal Records
- ☐ Mental Competency

**Nevada State Agency Appeal**
- ☐ Department of Motor Vehicle
- ☐ Worker's Compensation
- ☐ Other Nevada State Agency

**Appeal Other**
- ☐ Appeal from Lower Court
- ☐ Other Judicial Review/Appeal

**Civil Writ**

**Civil Writ**
- ☐ Writ of Habeas Corpus
- ☐ Writ of Mandamus
- ☐ Writ of Quo Warrant
- ☐ Writ of Prohibition
- ☐ Other Civil Writ

**Other Civil Filing**

**Other Civil Filing**
- ☐ Compromise of Minor's Claim
- ☐ Foreign Judgment
- ☐ Other Civil Matters

*Business Court filings should be filed using the Business Court civil coversheet.*

11-2-2020
Date

Signature of initiating party or representative

*See other side for family-related case filings.*

**COMP**

ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
JENNIFER WILLIS ARLEDGE, ESQ.
Nevada Bar No. 8729
SGRO & ROGER
720 S. Seventh Street, Third Floor
Las Vegas, Nevada 89101
Telephone: (702) 384-9800
Facsimile: (702) 665-4120
tsgro@sgroandroger.com
jarledge@sgroandroger.com
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| BRIAN SCIARA, an individual;<br><br>Plaintiff,<br><br>v.<br><br>MICAMP SOLUTIONS, LLC, a limited liability company; MICAMP HOLDINGS, LLC, a limited liability company; FISERV, INC. (formerly First Data Merchant Services LLC), a corporation; EVO PAYMENTS, INC., a corporation; SHIFT4 PAYMENTS, LLC, a limited liability company; DOES I through XX, inclusive, and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>Defendants. | CASE NO.:<br><br>DEPT NO.:<br><br>**COMPLAINT** |

Plaintiff, BRIAN SCIARA, by and through his attorneys of record, Anthony P. Sgro, Esq., and Jennifer Willis Arledge, Esq., of SGRO & ROGER, complains against the Defendants, MICAMP SOLUTIONS, LLC, a limited liability company, MICAMP HOLDINGS, LLC, a limited liability company, FISERV, INC., a corporation, EVO PAYMENTS, INC., a corporation, SHIFT4 PAYMENTS, LLC, a limited liability company,

DOES I through XX, inclusive, and ROE BUSINESS ENTITIES I through XX, inclusive, as follows:

**PARTIES**

1. At all times relevant hereto, Plaintiff BRIAN SCIARA (hereinafter "Mr. Sciara" or "Plaintiff") was and is, a resident of Clark County in the State of Nevada, and the events described herein occurred in Clark County, Nevada.

2. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant MICAMP SOLUTIONS, LLC (hereinafter "MiCamp Solutions") was and is a limited liability company formed and existing under the laws of the State of Arizona with its principal place of business in Arizona.

3. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant MICAMP HOLDINGS, LLC (hereinafter "MiCamp Holdings") was and is a limited liability company formed and existing under the laws of the State of Arizona with its principal place of business in Arizona.

4. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant FISERV, INC. (hereinafter "Fiserv") was and is a corporation formed and existing under the laws of the State of Wisconsin with its principal place of business in Wisconsin.

5. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant EVO PAYMENTS, INC. (hereinafter "Evo") was and is a corporation formed and existing under the laws of the State of Delaware with its principal place of business in Georgia.

6. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant SHIFT4 PAYMENTS, LLC (hereinafter "Shift4") was and is a limited liability company formed and existing under the laws of the State of Delaware with its principal place of business in Pennsylvania.

7. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants DOES I through XX or ROE BUSINESS ENTITIES I through XX are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

8. Plaintiff is informed and believes, and therefore alleges that each of the Defendants designated herein as DOE or ROE is responsible in some manner for the events and happenings referred to herein and caused damages to the Plaintiff as alleged herein. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of DOES I through XX, as well as ROE BUSINESS ENTITIES I through XX, when the same have been ascertained and to join such Defendants in this action.

**JURISDICTION & VENUE**

9. The Court has personal jurisdiction over all of the Defendants pursuant to NRS § 14.065, as all of the Defendants have engaged in tortious conduct within and/or aimed at harming Plaintiff's business interests in Nevada and exercising jurisdiction is not inconsistent with the Constitution of the State of Nevada or the Constitution of the United States. Further the Nonresident Defendants have availed themselves of opportunities to conduct business in the State of Nevada, establishing minimum contacts with the forum, and therefore are subject to personal jurisdiction in Nevada on claims arising out of that contact.

10. This Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy exceeds $15,000, exclusive of attorney's fees, interest, and costs.

11. Venue is proper in Clark County pursuant to NRS § 13.040.

**PAYMENT PROCESSING INDUSTRY**

12. In today's economy, the vast majority of merchants accept payment for goods and services via credit and debit cards ("electronic payments").

13. In order to accept electronic payments, the merchant is required to set up a merchant account and utilize a payment processing service. Without access to a merchant account, businesses are not able to accept consumer credit or debit card payments.

14. There are several parties involved in the processing of electronic payments, including:

i. The Issuing Bank: The financial institution which issued the credit or debit card to the customer, typically a bank such as Chase or Wells Fargo.

ii. The Card Network: The company that provides a communication system between the merchant and the Issuing Bank in order to complete a transaction, such as Mastercard and Visa. Some Issuing Banks may also act as Card Networks, for example Discover and American Express.

iii. The Payment Processor: The entity that actually processes the payment through the Card Network by ensuring that that the customer's account is credited and the merchant's account is debited. Payment processors charge fees to merchants for providing their processing services. These fees are typically comprised of per-transaction flat fees, fees based on a percentage of the transaction amount, and monthly or annual fees. Defendants Fiserv, Evo, and Shift4 are payment processors.

iv. The Acquiring Bank: financial institutions (usually banks) that are registered members of Card Networks. The Acquiring Bank maintains the merchant's account and provides the infrastructure for accepting and processing the transfer of funds between the Issuing Bank and the merchant.

v. Independent Sales Organizations (ISOs): entities that market the payment processor's services to merchants. ISOs enroll merchants in payment processing services and usually provide customer support to the merchant and handle monthly billing. ISOs typically work under specific Payment Processors and the Payment Processors are typically required to underwrite their ISOs pursuant to agreements the Payment Processors have with the Acquiring Banks. ISOs earn commissions based on the volume of transactions generated by each merchant account they procure, as well as ancillary fees. Defendant MiCamp Solutions is an ISO.

15. The electronic payment process begins with the cardholder obtaining a card from the Issuing Bank. Second, the cardholder presents his or her card to the merchant to make payment. Third, the transaction and card information get processed by the Payment Processor through the Card Network, which then passes the information to the Issuing Bank. Fourth, the Issuing Bank charges the cardholder's account for the transaction amount. Finally, the Issuing Bank transfers the funds to the Acquiring Bank, which then deposits the funds into the merchant's account.

16. To manage risk and fraud, the Card Networks impose operating rules on their member Acquiring Banks. In turn, Acquiring Banks impose rules on Payment Processors and ISOs by requiring Payment Processors and ISOs to perform due diligence on each prospective merchant to manage risk and ensure that the prospective merchant is a legitimate and creditworthy business.

17. Payment Processors and ISOs assess a prospective merchant's risk level by considering a variety of factors such as: industry type, types of goods or services being sold, how a transaction is performed, the merchant's years in the business, and prior payment

history. Examples of types of merchants that would be considered high risk include merchants that have recurring billing options, merchants that operate online businesses as opposed to brick and mortar businesses, merchants that accept mail order/telephone order (MOTO) transactions, and merchants that have high transaction amounts.

18. Higher risk merchants are prone to charge backs and therefore, are required to pay higher processing fees, maintain reserve accounts, and comply with stricter underwriting standards in order to obtain payment processing services from the Payment Processors.

19. To fulfill their due diligence requirements, Payment Processors and ISOs are typically required to perform a site visit and request documentation, such as articles of incorporation, tax returns, and bank and/or prior merchant processing statements from potential merchants to verify that the merchant is a legitimate business.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

20. At all times relevant hereto, Defendants Fiserv, EVO, and Shift4 were and are payment processors that solicit merchants through its relationships with ISOs.

21. At all times relevant hereto, Defendant MiCamp Solutions is and was a registered ISO that marketed and sold processing products and services to merchants on behalf of Payment Processors, including Fiserv, Evo, and Shift4.

22. Defendants Fiserv, Evo, and Shift4 are required to underwrite their ISOs, such as MiCamp Solutions, to ensure that the ISOs comply with the Card Network's and Acquiring Bank's rules and due diligence requirements.

23. In June 2013, Plaintiff founded CapFund Enterprises, Inc. (hereinafter "CapFund"), which specialized in business consulting and securing alternative forms of financing for individuals and small businesses.

24. In 2014, Brian Sciara and two (2) other individuals, Stephen Campbell and Micah Kinsler, founded Sprout Financial, which specializes in providing business consulting and credit monitoring services.

25. The nature of Sprout Financial's business made it a "high-risk" merchant by payment processing industry standards.

26. Between 2014 and 2016, Fiserv (formerly First Data), Evo, and Shift4 opened merchant processing accounts (hereinafter the "Merchant Accounts") for Sprout Financial based on merchant account applications submitted by and through MiCamp Solutions.

27. The applications submitted by and through MiCamp Solutions, were supported by falsified documents that contained CapFund's EIN and name.

28. Upon information and belief, CapFund's identifying information was misappropriated by MiCamp Solutions for the purposes of gaining approval to open the Merchant Accounts for Sprout Financial in order to obtain more favorable payment processing rates and to avoid more stringent reserve account requirements.

29. Upon information and belief, MiCamp Solutions used its favorable connections with Fiserv, Evo, and Shift4 to bypass the rigorous review process that is required to gain approval to open merchant accounts for new merchants.

30. Upon information and belief, at all relevant times hereto, both MiCamp Solutions and Fiserv (formerly First Data) shared mutual employees that assisted in getting merchant account applications approved to open merchant accounts.

31. CapFund's identifying information was used to open the Merchant Accounts with Fiserv, Evo, and Shift4 without the knowledge or approval of Plaintiff, Brian Sciara.

32. Defendants, Fiserv (formerly First Data), Evo, and Shift4, failed to adequately monitor their ISOs and failed to conduct their due diligence when they approved the Merchant Account applications for Sprout Financial that were submitted by Defendant MiCamp Solutions using CapFund's identifying information.

33. Millions of dollars in transactions were processed through the Merchant Accounts.

34. Defendant MiCamp Solutions caused funds that were being processed by the Merchant Accounts to be re-routed into accounts that were owned by MiCamp Holdings.

35. Defendants earned commissions, fees, and other profits from the processing of transactions through the Merchant Accounts.

36. Plaintiff first became aware that CapFund's identity had been misappropriated sometime in late 2018 or early 2019.

37. Defendants Fiserv, Evo, and Shift4 prevented Plaintiff from discovering the identity of the individual(s) responsible for the misappropriation by refusing to provide the Plaintiff with information regarding the opening of the Merchant Accounts.

38. Defendants Fiserv, Evo, and Shift4 continued to maintain the Merchant Accounts despite being presented with indisputable evidence of fraud, which caused Plaintiff to continue to suffer damages.

39. Campbell, Kinsler, and MiCamp Solutions used the Merchant Account statements to open additional merchant accounts with various payment processors.

**FIRST CLAIM FOR RELIEF**
**(Conversion as to Defendants MiCamp Solutions and MiCamp Holdings)**

40. Plaintiff incorporates by reference each and every allegation set forth above as if fully set forth herein.

41. At all times relevant hereto, CapFund Enterprises, Inc. was wholly owned by Plaintiff.

42. Defendant MiCamp Solutions intentionally and wrongfully exerted dominion over Plaintiff's property by misappropriating CapFund's EIN and other identifying information to open Merchant Accounts with Fiserv, Evo, and Shift4 on behalf of Sprout Financial, without the consent of the Plaintiff and without Plaintiff's knowledge.

43. Defendant MiCamp Solutions caused the funds being processed through the Merchant Accounts to be rerouted into a bank account that is owned by Defendant MiCamp Holdings, without the consent of the Plaintiff and without Plaintiff's knowledge.

44. Defendant MiCamp Solutions received commissions, fees, and other profits from the processing of transactions through the Merchant Accounts.

45. Defendants MiCamp Solutions, and MiCamp Holdings converted Plaintiff's corporation's name and its associated EIN for their own use and benefit, and in doing so, they have excluded Plaintiff from his rights to the use of his property.

46. As a direct and proximate result of Defendants' conversion, Plaintiff has suffered damages, in excess of $15,000.00.

47. Plaintiff has been forced to retain the services of the law firm SGRO & ROGER to pursue this cause of action, and thus, is entitled to reasonable attorney's fees and costs.

**SECOND CLAIM FOR RELIEF**
**(Civil Conspiracy – All Defendants)**

48. Plaintiff incorporates by reference each and every allegation set forth above as if fully set forth herein.

49. Defendants entered into a conspiracy to unlawfully misappropriate Plaintiff's corporation's identity, CapFund, for the purposes of opening Merchant Accounts with Fiserv, Evo, and Shift4 for Sprout Financial.

50. Defendants entered into a conspiracy to unlawfully misappropriate Plaintiff's corporation's identity for the purposes of profiting off of the operation of the Merchant Accounts to the detriment of Plaintiff.

51. Upon information and belief, Defendants' conspiracy and overt acts in furtherance of this unlawful scheme have included, among other things, using photoshopped statements and photoshopped checks to open the Merchant Accounts, opening the Merchant Accounts without performing due diligence requirements, and enabling the operation of the fraudulent Merchant Accounts.

52. As a direct and proximate result of Defendants' conspiracy, Plaintiff has suffered damages, in excess of $15,000.00.

53. Plaintiff has been forced to retain the services of the law firm SGRO & ROGER to pursue this cause of action, and thus, is entitled to reasonable attorney's fees and costs.

**THIRD CLAIM FOR RELIEF**
**(Unjust Enrichment – All Defendants)**

54. Plaintiff incorporates by reference each and every allegation set forth above as if fully set forth herein.

55. Defendants have received a benefit in the form of substantial profits and commissions that rightfully belong to Plaintiff by open and operating Merchant Accounts with using CapFund's identifying information.

56. Defendants have knowledge of the benefit provided to them as they were able to (1) open the Merchant Accounts with Fiserv, Evo, and Shift4 for Sprout Financial using

CapFund's identity, (2) received the benefit of lower payment processing fees, and (3) received substantial commissions and profits from the operation of the Merchant Accounts.

57. Defendants have retained these benefits at the expense and to the detriment of Plaintiff.

58. By reason of the foregoing, Defendants are liable for unjust enrichment in an amount to be proven at trial, but which exceeds $15,000.00.

**FOURTH CLAIM FOR RELIEF**
**(Violations of Nevada RICO – All Defendants)**

59. Plaintiff incorporates by reference each and every allegation set forth above as if fully set forth herein.

60. The conduct of the Defendants, and each of them, as outlined above constitutes a pattern of racketeering activity pursuant to the Nevada Revised Statutes, including "taking property from another under circumstances not amounting to robbery," "obtaining and using personal identifying information of another person in violation of NRS 205.463," and "obtaining possession of money or property valued at $650 or more, or obtaining a signature by means of false pretenses."

61. Defendants and each of them, engaged in conduct which constitutes a pattern of racketeering activity in violation of NRS 207.470.

62. Defendants, and each of them, committed at least two separate crimes related to racketeering as defined by NRS 207.360, including "taking property from another under circumstances not amounting to robbery," "obtaining and using personal identifying information of another person in violation of NRS 205.463," and "obtaining possession of money or property valued at $650 or more, or obtaining a signature by means of false pretenses."

63. Defendants specifically engaged in conduct which constitutes a "crime related to racketeering" by misappropriating and using CapFund's EIN and name, which is solely owned by Plaintiff to open at least three (3) merchant processing accounts.

64. Upon information and belief, Defendants Fiserv, Evo, and Shift4 furnished assistance to Defendants Campbell and Kinsler to open merchant accounts through MiCamp Solutions under CapFund's EIN and name for Sprout Financial.

65. Defendants re-directed the funds from the Merchant Accounts under CapFund's name and EIN into a bank account that was owned by MiCamp Holdings.

66. Defendants' crimes are interrelated by distinguishing characteristics and are not isolated incidents, but are part of a pattern of criminal activity.

67. Defendants are part of a criminal syndicate or enterprise pursuant to NRS 207.370 and NRS 207.380.

68. Defendants acquired and maintained interest and/or control of the enterprise in violation of NRS 207.400(1)(b).

69. Defendants were associated with the enterprise to participate both directly and indirectly in the affairs of the enterprise through racketeering activity and or through the affairs of the enterprise in violation of NRS 207.400(1)(c).

70. Defendants intentionally organized, managed, directed, supervised, and or financed a criminal syndicate in violation of NRS 207.400(1)(d).

71. Defendants furnished assistance in the conduct of the affairs of the criminal syndicate with the intent to promote or further the criminal objectives of the syndicate in violation of NRS 207.400(1)(f).

72. Defendants actions as averred in this claim for relief were done either in conscious disregard for the rights of others, or in reckless disregard of the consequences of their actions, and were therefore done with either express or implied malice.

73. As a direct and proximate result of Defendants' conspiracy, Plaintiff has suffered damages, in excess of $15,000.00.

74. Plaintiff has been forced to retain the services of the law firm SGRO & ROGER to pursue this cause of action, and thus, is entitled to reasonable attorney's fees and costs.

**FIFTH CLAIM FOR RELIEF**
**(Negligence as to Defendants Fiserv, Evo, and Shift4)**

75. Plaintiff incorporates by reference each and every allegation set forth above as if fully set forth herein.

76. Defendants Fiserv, Evo, and Shift4 owed Plaintiff a duty to conduct due diligence when they approved the Merchant Account applications for Sprout Financial that were submitted by Defendant MiCamp Solutions using CapFund's identifying information.

77. Defendants' actions described herein were a breach of this duty of care.

78. As a direct and proximate result of the Defendants' negligence, carelessness, recklessness, wantonness, and/or willfulness, Plaintiff has suffered damages, in excess of $15,000.00.

79. Plaintiff has been forced to retain the services of the law firm SGRO & ROGER to pursue this cause of action, and thus, is entitled to reasonable attorney's fees and costs.

**SIXTH CLAIM FOR RELIEF**
**(Fraudulent Concealment as to Defendants Fiserv, Evo, and Shift4)**

80. Plaintiff incorporates by reference each and every allegation set forth above as if fully set forth herein.

81. Defendants Fiserv, Evo, and Shift4 concealed or suppressed the identity of the individual(s) responsible for the misappropriation and opening of the Merchant Accounts by refusing to provide the Plaintiff with information regarding the opening of the Merchant Accounts.

82. Defendants Fiserv, Evo, and Shift4 were under a duty to disclose the existence of the Merchant Accounts and the identity of the individual(s) who opened the Merchant Accounts to the Plaintiff.

83. Defendants intentionally concealed or suppressed information surrounding the opening of the Merchant Accounts with the intention of continuing to defraud the Plaintiff.

84. Plaintiff was unaware that CapFund's identifying information had been misappropriated and used to open the Merchant Accounts.

85. If Plaintiff had been aware of said facts, he would not have continued to conduct business with Sprout Financial and he would have taken action to rectify the misappropriation sooner.

86. As a direct and proximate result of the Defendants' fraudulent concealment, Plaintiff has suffered damages, in excess of $15,000.00.

87. Plaintiff has been forced to retain the services of the law firm SGRO & ROGER to pursue this cause of action, and thus, is entitled to reasonable attorney's fees and costs.

## CONCLUSION

**WHEREFORE**, Plaintiff, expressly reserving the right to amend this Complaint, prays for judgment against Defendants as follows:

1. General damages in excess of $15,000.00;
2. Damages for lost profits in excess of $15,000.00;

3. Damages for damage to business reputation in excess of $15,000.00;

4. Damages for loss of business opportunity in excess of $15,000.00;

5. Treble damages in excess of $15,000.00, pursuant to NRS 207.470(1);

6. Punitive damages in excess of $15,000.00;

7. Attorney's fees and costs;

8. Interest at the statutory rate; and

9. For such other and further relief as the Court deems just and proper.

DATED: 2nd of November, 2020.

**SGRO & ROGER**


By: Jennifer W. Arledge
ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
JENNIFER WILLIS ARLEDGE, ESQ.
Nevada Bar No. 8729
720 S. Seventh Street, Third Floor
Las Vegas, Nevada 89101
Telephone: (702) 384-9800
Facsimile: (702) 665-4120
tsgro@sgroandroger.com
jarledge@sgroandroger.com
*Attorneys for Plaintiff*