UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRIAN SCIARA, | Case No. 2:18-cv-01700-DJA |
| Plaintiff, | |
| v. | ORDER |
| STEPHEN CAMPBELL, | |
| Defendant. | |

Presently before the Court is Defendant Stephen Campbell's Motion for Order to Show Cause Why Plaintiff Should Not Be Held in Contempt of Court for Violating the Protective Order (ECF No. 59), filed on December 23, 2020. Plaintiff Brian Sciara filed a Response (ECF No. 73) on February 3, 2021. Defendant filed a Reply (ECF No. 75) on February 10, 2021. The Court held a hearing on March 9, 2021.

**I.     BACKGROUND**

The parties and the Court are familiar with the facts of this matter so they will only be restated here as necessary. There is an active protective order approved on February 7, 2019, that governs the exchange of confidential discovery information. (ECF No. 22). Campbell claims that Sciara willfully violated the protective order by disclosing Campbell's confidential Bank of America financial records for his company, MiCamp, to an unrelated third-party doing business with MiCamp, Fiserv. (ECF No. 59). The disclosures occurred in September of 2020.

Sciara claims that Campbell does not have standing because the confidential documents belong to MiCamp. He also contends that the disclosure was an inadvertent mistake because he was not advised by prior counsel of the existence of the protective order or that it governed the financial records. Sciara obtained new counsel who substituted into this case on January 25,

2021. (ECF No. 72). Further, Sciara and his current counsel submit declarations that contend they were not aware of the active protective order and the disclosures were inadvertent. (ECF No. 73). Sciara also argues that Campbell failed to notify his counsel of the unauthorized disclosure prior to filing this Motion. Additionally, Sciara claims that Campbell suffered no harm because the documents would have been discoverable in the Clark County action (Case No. A-20-824100-B) in which MiCamp is named and in which he disclosed the documents for the purposes of settlement negotiations with Fiserv. Sciara's counsel also indicates that Fiserv has been directed to delete and destroy the information and no other disclosures to third parties have been made.

Campbell disputes Sciara's credibility and contends that a variety of sanctions are warranted for the disclosures. (ECF No. 75). Campbell seeks limited discovery into the disclosures to determine the extent of them – to be paid for by Sciara. He wants a forensic inspection of Sciara's devices and email accounts to determine if Sciara took additional photos of confidential document and he or his attorneys transmitted them by email or text to any other recipients. Campbell also wants to depose Sciara and his attorneys to determine the extent of their disclosures. At the end of the limited discovery period, an evidentiary hearing may be requested for the Court to assess the alleged disclosures. Campbell acknowledges that although he claims his business has been harmed by halting the sale of his interest in the parent company of MiCamp and his joint venture with Fiserv was terminated, the damages are unquantifiable at this point. Campbell also requests that Sciara be held in contempt. Finally, Campbell claims that Sciara's repeated and willful violation of the protective order warrants dismissal or even less severe discovery sanctions.

## II.     DISCUSSION

A district court possesses inherent power over the administration of its business, including the promulgation and enforcement of rules for the management of litigation. *Great–West Life & Annuity Ins. Co. v. American Economy Ins. Co.*, 2013 WL 5332410 (D. Nev. 2013) citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Thomas v. Arn*, 474 U.S. 140, 146 (1985). Specifically, courts have inherent power to enforce their orders through civil contempt. *See*

*Spallone v. United States*, 493 U.S. 265, 276 (1990) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)); *General Ins. Co. v. Eastern Consol. Util., Inc.*, 126 F.3d 215 (3d Cir.1997); Fed.R.Civ.P. 37(b).  A district court has wide latitude in determining whether there has been a contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).  Further, Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to impose sanctions on a party's motion or on its own motion, including any sanction authorized by Rule 37(b)(2), if a party or its attorney fails to obey a scheduling order or other pretrial order. Sanctions for failure to obey a discovery order include, among other things, attorney's fees. Fed.R.Civ.P. 37; *see also Carter v. Otis Elevator Co.*, 2014 WL 1309192 (D. Nev. Mar. 28, 2014) (ordering sanctions for violation of protective order).

For consideration by the Court are two issues: (1) Did Sciara disclose Campbell's financial records in violation of the Protective Order?  (2) If so, what is the appropriate sanction? At the hearing, Campbell and Sciara were not present and also, Sciara's new counsel directly involved in the disclosure, Alanna Bondy, did not appear.  Without being able to directly question these individuals, the Court is left to rely on their declarations that were submitted with the briefing.  In addition, the Court carefully considered the arguments of counsel at the March 9, 2021 hearing along with all of the arguments and exhibits submitted to the Court in the briefing.

Preliminarily, the Court addresses Sciara's argument that Campbell lacks standing to bring the instant Motion and should have raised the violation with Sciara's counsel prior to filing this Motion.  This contention lacks merit.  First, Campbell – not MiCamp – is a party to the Protective Order.  Second, Campbell is the one that designated the subject documents as confidential.  Third, under the express language of the Protective Order, Campbell as a party is subject to its terms and therefore, can enforce its terms. (ECF No. 22).  Fourth, as Campbell highlights, Sciara served document requests for the subject documents, which Campbell complied with by producing the identified financial documents as part-owner and manager of MiCamp. (ECF No. 75, Exh. 2, RFP No. 18).  Finally, Campbell is not required to provide Sciara with an opportunity to cure his violation of a Court Order prior to filing the instant Motion.  Therefore,

the Court finds that the Motion is properly brought by Campbell and is ripe for the Court's decision.

Next, the Court finds that Sciara violated the Protective Order – by his and his counsel's own admissions – and more importantly, is unable to find Sciara's contention that the disclosures were inadvertent to be credible. Rather, the evidence presented shows that Sciara's unauthorized disclosures were willful; this determination impacts the appropriate sanction to be imposed. The Court bases its conclusion that Sciara's violation of the Protective Order was willful on the following findings of fact:

- Campbell designated the MiCamp Bank of America bank statements as confidential in accordance with the Protective Order as they were non-public financial information and commercially sensitive business information. He then produced them to Sciara after receiving a request for production from Sciara in this case. Sciara never objected to their confidential designation. (ECF No. 59).
- Sciara also designated his own documents as confidential under the Protective Order in this case when he served his Third Supplemental Disclosures on May 3, 2019. (ECF No. 75, Exh. 4).
- Sciara concedes in his deposition that he would not have any problem ruining Campbell financially. (ECF No. 75, Exh. 1).
- Sciara was previously represented by the law firm of McDonald Carano, LLP. He was present for the deposition of Micah Kinsler and heard discussion about designating the deposition transcript as confidential under the Protective Order. (ECF No. 75, Exh. 5).
- Violation #1: Sciara took a photo of MiCamp's May 2014 bank statement. (ECF No. 59, Exh. 2). Sciara provided the photo to his counsel – Jennifer Arledge and Bondy – for use in his November 20, 2020 Clark County District Court lawsuit against MiCamp. His counsel were not yet attorneys of record in this case and thus, were unauthorized third parties.

- Violation #2: On September 10, 2020, Sciara's counsel - Bondy - emailed the third party, Fiserv, who was one of MiCamp's business partners, the photo that Sciara took of the May 2014 bank statement and noted that "I am attaching a couple of items to this email that my client received as part of discovery in his other lawsuit against Stephen Campbell." (ECF No. 59, Exh. 2).
- Violation #3: On September 14, 2020, Sciara's counsel – Bondy - sent another email to Fiserv and attached a scan of the May 2014 bank statement that is identified by bates numbers and is marked confidential at the bottom middle of the page. (ECF No. 59, Exh. 4).
- Violation #4: On September 21, 2020, Sciara's counsel – Bondy - emailed a February 2019 bank statement to Fiserv marked with bates numbers and confidential label. (ECF No. 59, Exh. 5).
- In total, the unauthorized disclosures included about seven pages of MiCamp's partial bank statements from 2014, 2018, and 2019 that were disseminated by Sciara to the first unauthorized recipients – Arledge and Bondy – and then the second unauthorized recipient, Fiserv.
- Sciara admits that he provided these documents to his counsel for use in the Clark County Case. (ECF No. 73-2, Exh. 1).
- Bondy declares that she has not provided any third party with any other documents that are the subject of the Protective Order. (ECF No. 73-3, Exh. 2).

Accordingly, there is no dispute that disclosures were made by Sciara in violation of the Protective Order. Sciara and his counsel dispute that the disclosures were made willfully, as Campbell claims. Sciara mainly relies on his argument that he was not advised by his former counsel of the Protective Order's coverage and/or existence. (ECF No. 73-2, Exh. 1). Campbell requests limited discovery into this contention. The Court takes the attorney-client privilege extremely seriously. It cannot find that limited discovery to invade the attorney-client privilege is necessary under these circumstances. Rather, there is sufficient evidence presented to the Court to find that Sciara's contention that he was not aware of the Protective Order's existence and/or

coverage of these subject financial documents – such that their disclosure for his purposes in another litigation was permitted – is disingenuous.

Indeed, as outlined above, not only did Sciara request the subject financial documents in discovery in this case, but they were served with the confidential label and bates-stamp conspicuously noted on them. He then produced his own documents with a confidential label pursuant to the same Protective Order. Further, Sciara sat through a deposition in which the confidentiality coverage of the Protective Order was discussed. He may not have paid attention to the confidential label on the documents or his attorney's discussions about confidential documents, but this deliberate ignorance is no excuse. Moreover, blaming former counsel for alleged insufficient legal advice may give rise to a separate claim of legal malpractice (and the Court expresses no opinion on the value or merit of such a belief/claim), but it does not provide a ground for violating the Protective Order or justify the avoidance of a sanction for his violation.

Moreover, Sciara specifically provided the financial documents to attack Campbell's business, MiCamp, in another lawsuit that Sciara initiated. This was not simply an authorized disclosure to an expert not properly identified. It was clearly a calculated move to further his goals in a separate litigation designed to attack Campbell's busines. It is not credible that Sciara, a sophisticated businessman who has been actively involved in this litigation along with two other related cases, is unaware of what confidential means or, at the very least, would believe that utilizing these documents as a sword in another litigation is permissible. When you consider the context of Sciara's actions – his admission that he would have no problem ruining Campbell financially – and utilization of the confidential documents to terminate a joint venture between Fiserv and MiCamp, they do not equate to an inadvertent mistake. Notably, Sciara's former counsel submitted no declaration or otherwise commented on whether Sciara was advised by them of the existence of the Protective Order. Sciara's contention that they did not advise him as such is not persuasive. Therefore, the Court does not require further evidence to find that Sciara's unauthorized disclosures were willful.

As for Campbell's additional request for limited discovery in order to establish monetary damages from the willful disclosure, the Court finds it is not needed to resolve this Motion. With

the wide range of sanctions available to the Court for a violation of its order, it finds that the injunctive relief and monetary sanction of attorney's fees are appropriate and all that is needed here.  The Court is also aware that Campbell is unable to quantify any damages as a result of the unauthorized disclosures.  The claims at issue in this litigation, and more so in the related case of 2:21-cv-309-JAD-NJK given that MiCamp is pursuing tort damages for interference with business relations, will naturally give rise to discovery on monetary damages.  MiCamp will be able to conduct the necessary discovery to support its claims during that discovery process.  As such, given Campbell's clear admission that his monetary damages for the halt of the sale of his interest in MiCamp and the dissolution of his joint venture with Fiserv are intangible and unquantifiable at this point, the Court does not find that limited discovery on this specific issue is necessary at this time.

As for injunctive relief, the Court finds credible Sciara's and his counsel's declarations that there have been no other disclosures at this time.  To the extent that any further violations of the Protective Order come to light, then the Court may revisit the need for limited discovery on this issue – including a forensic examination.  In fact, the Court wants to make it clear that any future violations of the Protective Order will not be treated as leniently as this and may result in dispositive sanctions after full consideration of the circumstances.  It finds that an injunction enforcing the Protective Order's terms regarding unauthorized disclosure of confidential discovery material is sufficient at this time to partially remedy the harm.  Sciara's counsel has confirmed that Fiserv was instructed to destroy the unauthorized disclosure and no other third parties have to date received any confidential discovery material.  As such, the Court will grant Campbell's request for an injunction to ensure the protections of the Protective Order (ECF No. 22) remain intact for the rest of this litigation.

Finally, the Court finds that Sciara's position was not substantially justified and an award of attorney's fees for the instant motion would not be unjust.  Additionally, Sciara's counsel are complicit in the unauthorized disclosures in violation of the Protective Order.  The Court understands the timing of the disclosures such that his counsel were not substituted in as counsel of record for this case until after the unauthorized disclosures were made.  However, their

diligence in ensuring that they were not violating a Court Order was lacking here.  Contrary to Arledge's argument at the hearing, the size of the confidential label on the financial documents is not too small to make it inconspicuous.  Moreover, the confidential label that is clearly included at the bottom of the page along with the bates-stamp is sufficient for any attorney to realize that the document was a document produced in discovery in a case.  Then, the fatal flaw in Sciara's counsel's claim that this is simply an inadvertent mistake is Bondy's email that expressly states that she knows these documents were provided in discovery in another case and there are more such documents.  At that very least, Sciara's counsel were negligent in their duty to investigate the source of these documents and whether they were subject to protection as confidential.  They missed obvious red flags in that these were financial records of a defendant that Sciara was suing and had not yet been obtained in that case, they were labeled confidential, and they were bates-stamped.  That is why the Court must find that Sciara's counsel is jointly and severally liable for the monetary sanction that is being imposed.

Significantly, sanctions pursuant to Rule 37(a)(5) may be issued against a party, a party's attorney, or both.  *See* Rule 37(a)(5) (allowing for recovery of expenses, including attorneys' fees, against "the party or attorney advising that conduct, or both").  Hence, the Court has the authority to award fees under Rule 37 against a party and counsel jointly and severally.  *See, e.g., Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988).  Awarding sanctions against a party and counsel jointly and severally is appropriate where it is unclear from the record which is less blameworthy than the other.  *See Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 338 (D. Nev. 2016) (collecting cases); *see also Herb Reed Enterps., Inc. v. Monroe Powell's Platters, LLC*, 2013 WL 3729720, at *10 (D. Nev. July 11, 2013), affirmed, 2013 WL 5278518 (D. Nev. Sept. 13, 2017).

As is the Court's typical allowance, it will order the parties to meet and confer in an effort to resolve the attorney fee issue.  To the extent that they cannot agree on an amount, then Campbell shall have 14 days to file a motion setting forth the attorney's fees he seeks for the briefing and hearing of this motion along with the fees for drafting the fee request.  Sciara will have 14 days to respond after the motion has been filed.  Campbell shall have 7 days to file a

reply.  The Court will then decide the fee award after full consideration of the arguments.  It is only deciding that attorney's fees for Campbell having to bring this Motion are warranted at this point as Sciara's actions were neither substantially justified nor would it be unjust to award fees for a willful violation of a Court order – it is not determining the fee amount now.

### III.  CONCLUSION

IT IS HEREBY ORDERED that Defendant Stephen Campbell's Motion for Order to Show Cause Why Plaintiff Should Not Be Held in Contempt of Court for Violating the Protective Order (ECF No. 59) is **granted in part and denied in part**.

IT IS FURTHER ORDERED that Plaintiff Brian Sciara is enjoined from violating the Protective Order (ECF No. 22) in the future by disseminating any Discovery Material designated as Confidential or Highly Confidential to anyone other than those persons identified in Sections 11-12 of the Protective Order.

IT IS FURTHER ORDERED that the parties shall meet and confer in good faith to sincerely agree upon an amount of attorney's fees for the instant Motion briefing and hearing time that shall be awarded to Campbell.  To the extent that no agreement can be reached, then Campbell shall file his Motion for fees within 14 days, a Response is permitted 14 days thereafter, with a Reply permitted 7 days later.

DATED: March 12, 2021.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE