UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Brian Sciara,<br><br>             Plaintiff,<br><br>v.<br><br>Stephen Campbell,<br><br>             Defendant.<br><br>And all related matters. | Case No. 2:18-cv-01700-DJA<br><br>**Order** |

      Before the Court is Stephen Campbell and Sprout Financial's motion to modify the discovery plan. (ECF No. 196). Also before the Court is Campbell and Sprout's motion to seal their motion for partial summary judgment. (ECF No. 199). Because the Court finds that Campbell and Sprout demonstrated good cause to extend the expert disclosure deadline, the Court grants the motion to modify the discovery plan *nunc pro tunc*. Because the Court cannot decide the motion to seal without relying on hypothesis or conjecture, it defers ruling on the motion to seal pending a declaration from Brian Sciara and Capfund Enterprises, LLC outlining compelling reasons to seal the documents at issue.

**I.**    **Discussion.**

      ***A.***    ***Campbell and Sprout's motion to extend.***

      Campbell and Sprout seek to extend the expert report deadline from March 20, 2023 until April 7, 2023. (ECF No. 196). Sciara and Capfund oppose the motion. (ECF No. 197). Sciara and Capfund argue that the proposed extension would reduce the amount of time that Sciara and Capfund have to produce a rebuttal expert. Campbell and Sprout reply that, given Sciara and Capfund's assertion that extending the close of discovery is the correct solution, the Court should extend all remaining deadlines. (ECF No. 198).

Although the deadline that Campbell and Sprout sought to extend has since passed, the Court grants Campbell and Sprout's motion such that, in the event they disclosed their experts on or before April 7, 2023, those disclosures are deemed timely.  However, the Court will not grant the proposed schedule extending all deadlines because Campbell and Sprout raised it for the first time in their reply brief.  *See State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) (stating that the Ninth Circuit follows the general rule that parties cannot raise a new issue for the first time in reply).  The Court thus grants Campbell and Sprout's motion to extend the expert disclosure deadline, but not the request to extend the remaining deadlines.

### B.    Campbell and Sprout's motion to seal.

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016).  A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard.  *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101.  Under that standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'"  *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1179).  That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  Finally, the failure of a party to file points and authorities in response to a motion constitutes a consent to the granting of the motion.  LR 7-2(d).

Campbell and Sprout move to redact portions of their motion for partial summary judgment and to seal Exhibits E, F, G, and H to that motion.  (ECF No. 199).  However, Campbell and Sprout "make[] no assertions regarding whether [the documents] meet the standard set forth under the Protective Order," and simply seek to seal the documents because Sciara and Capfund designated them confidential under the protective order.  However, because Campbell

and Sprout are seeking to seal documents in a motion more than tangentially related to the merits, either they or Sciara and Capfund must show compelling reasons to keep the documents under seal. Even though Sciara and Capfund have not responded to the motion, constituting their consent to the Court granting it, the Court cannot grant the motion without relying on hypothesis or conjecture. The Court will therefore defer ruling on the motion and provide Sciara and Capfund an opportunity to file a declaration related to the motion to seal providing compelling reasons for the Court to keep the documents under seal. If the Court does not receive a declaration on or before **July 6, 2023**, it will order the documents unsealed.

**IT IS THEREFORE ORDERED** that Campbell and Sprout's motion to modify the discovery plan (ECF No. 196) is **granted *nunc pro tunc***. To the extent Campbell and Sprout served their expert report on or before April 7, 2023, the Court deems that report timely.

**IT IS FURTHER ORDERED** that the Court defers ruling on Campbell and Sprout's motion to seal. Sciara and Capfund shall file a declaration related to the motion to seal demonstrating compelling reasons for the Court to maintain the documents under seal on or before **July 6, 2023.** If Sciara and Capfund do not file this declaration, the Court will order the documents unsealed.

DATED: June 6, 2023

DANIEL J. ALBREGTS  
UNITED STATES MAGISTRATE JUDGE