UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Brian Sciara, | Lead Case No. 2:18-cv-01700-DJA |
| Plaintiff, | Consolidated Case No. 2:21-cv-00309 |
| v. | **Order** |
| Stephen Campbell, | |
| Defendant. | |
| And all related matters. | |

Before the Court are three motions to seal. (ECF Nos. 199, 203, and 204). Plaintiff in the consolidated action—Sprout Financial LLC—moves to seal Exhibits E, F, G, and H to Sprout's motion for partial summary judgment and to redact portions of that motion which quote or reference those exhibits. (ECF No. 199). Plaintiff in the lead action—Brian Sciara—and Defendant in the consolidated action—Capfund Enterprises, Inc.—move to seal Exhibits 1-8 to Sciara and Capfund's opposition to Sprout's motion for partial summary judgment and to redact portions of that opposition that quote or reference those exhibits. (ECF No. 203). Sprout also moves to seal its reply in support of its motion for partial summary judgment or, in the alternative, to redact portions of the reply that quote or reference Exhibits E, F, G, and H to its motion for partial summary judgment. (ECF No. 208). Because the Court finds that neither party has demonstrated compelling reasons to seal the documents at issue, the Court denies all three motions to seal.

**I.     Legal standard.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than

tangentially related to the merits of the case must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101. That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133, 1138 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

**II.   Discussion.**

As a preliminary matter, the Court finds that the compelling reasons standard applies to all three pending motions. The Court denies both of Sprout's motions to seal. (ECF Nos. 199 and 204). In both motions, Sprout explains that the exhibits it seeks to seal consist of Capfund's financial information, which Sciara and Capfund designated confidential under the parties' protective order. Sprout adds that it "makes no assertions regarding whether [the documents] meet the standard set forth under the Protective Order and is merely taking reasonable steps to maintain its confidentiality in accordance with the Protective Order." (ECF No. 199 at 3); (ECF No. 204 at 3). The Court deferred ruling on the initial motion to seal (ECF No. 199) and provided "Sciara and Capfund an opportunity to file a declaration related to the motion to seal providing compelling reasons for the Court to keep the documents under seal." (ECF No. 201). Sciara provided that declaration on behalf of himself and Capfund and explained that "[o]ther than personal information on these documents, and the requirements of the Stipulated Protective Order, dated February 7, 2019 (ECF No. 22), if this Court sees no compelling reasons to seal these documents, I agree, as long as any personal and tax identification numbers are redacted." (ECF No. 206).

Because Sciara and Capfund are not opposed to Exhibits E, F, G, and H being filed on the public docket, the Court will deny Sprout's motions to seal. It will order that Sprout's reply (ECF No. 205) be unsealed. However, the Court finds compelling reasons to seal the account numbers and tax identification numbers that appear in the exhibits to Sprout's motion for partial summary judgment. *See* Fed. R. Civ. P. 5.2(a)(1) and (4) (explaining that parties must redact taxpayer identification numbers and financial account numbers). It will thus require that Sprout's motion

and exhibits (ECF No. 200) remain under seal because certain of the account numbers in the exhibits are not redacted (ECF No. 200-6 at 3). It will require Sprout to redact all account and tax identification numbers in the motion and exhibits and file a public, redacted version of the motion for partial summary judgment and its exhibits.

The Court denies Sciara and Capfund's motion to seal. (ECF No. 203). That motion seeks to seal Exhibits 1-8 to Sciara and Capfund's opposition to Sprout's motion for partial summary judgment. Those exhibits consist of emails and Capfund's merchant statements. Sciara and Capfund explain that they designated the documents confidential under the protective order. But they add that "Sciara makes no assertions regarding whether they meet the standard set forth under the Protective Order and is merely taking reasonable steps to maintain its confidentiality in accordance with the Protective Order." Because Sciara and Capfund have not made any arguments demonstrating compelling reasons to seal these documents, the Court cannot grant the motion to seal. Additionally, Sciara and Capfund have already filed these documents on the public docket and not under seal as required by Local Rule IA 10-5(a). (ECF No. 202). The motion to seal is thus moot. *See* LR IA 10-5(a) ("papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal…[a]ll papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them).

///

///

///

1  **IT IS THEREFORE ORDERED** that the motions to seal (ECF Nos. 199, 203, and 204) are **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **unseal** Sprout's reply in support of its motion for partial summary judgment (ECF No. 205) but shall keep Sprout's motion for partial summary judgment (ECF No. 200) **sealed.**

**IT IS FURTHER ORDERED** that Sprout must file a public, redacted version of its motion for partial summary judgment and the exhibits thereto (ECF No. 200) on or before **September 28, 2023.**

DATED: September 7, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE